**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-2297

RAVINDER SINGH,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A77-253-022)

Submitted: August 28, 2006       Decided: September 13, 2006

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

James A. Roberts, Falls Church, Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, John Giordano, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ravinder Singh, a native and citizen of Afghanistan, petitions for review of an order of the Board of Immigration Appeals ("Board") adopting and affirming the immigration judge's decision denying his requests for asylum and withholding of removal.

In his petition for review, Singh contends that the Board and immigration judge erred in finding that he failed to meet his burden of establishing his eligibility for asylum. The record reveals, however, that the asylum application was denied on the ground that Singh failed to demonstrate that he filed his application within one year of the date of his arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B) (2000). We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2000), even in light of the recent passage of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. See Chen v. United States Dep't of Justice, 434 F.3d 144, 150-54 (2d Cir. 2006) (collecting cases). Given this jurisdictional bar and the fact that the timeliness determination was dispositive of Singh's application for asylum, we cannot review the underlying merits of his asylum claim.

Singh also contends that the Board and immigration judge erred in denying his request for withholding of removal. "To qualify for withholding of removal, a petitioner must show that he

faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Based on our review of the record, we find that Singh failed to make the requisite showing before the immigration court. We therefore uphold the denial of his request for withholding of removal.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED